IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO ARCHER,
aka, RICKY THOMAS,

      Petitioner,                             No. CIV S-07-1401 LEW KJM P

     vs.

CALIFORNIA ATTORNEY GENERAL,

      Respondent.                        ORDER

/

        Petitioner is a California detainee proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has requested leave to proceed in forma pauperis. Good cause appearing, petitioner's request will be granted.

        On August 17, 2007, the court recommended that this action be dismissed as it is duplicative of CIV-S-04-2249 MCE KJM P, a case in which the court had appointed petitioner counsel to challenge his confinement based upon a finding of not guilty by reason of insanity. On September 19, 2007, petitioner dismissed CIV-S-04-2249 MCE KJM P under Federal Rule of Civil Procedure 41(a)(1) so that he could pursue this matter instead. Apparently petitioner chose to do this, because he was not satisfied with his appointed counsel in CIV-S-04-2249 MCE KJM P.

/////

1

1   The court has reviewed petitioner's habeas petition as it must do under Rule 4 of
2 the Rules Governing Section 2254 case. The court has also reviewed the amended petition filed
3 on November 5, 2007. Both petitions suffer from the same problems as the pro se habeas
4 petition filed by petitioner in CIV-S-04-2249 MCE KJM P: the claims presented fail to state a
5 cognizable claim for habeas relief, or petitioner has failed to demonstrate that he has exhausted
6 state court remedies with respect to his claims or the claims are unintelligible. The court will
7 dismiss petitioner's habeas petitions and grant petitioner one final opportunity to cure his
8 petitions' defects in a second amended petition.[1]

9   Petitioner is informed as follows regarding the contents of his second amended
10 petition. The only relief petitioner can seek is immediate or expedited release from custody. 28
11 U.S.C. § 2254. In the second amended petition, petitioner must assert that he is in custody in
12 violation of federal law or that the length of his sentence violates federal law. Id. Finally,
13 petitioner must demonstrate that he has exhausted state court remedies with respect to his claims
14 or seek a stay of this action to exhaust state court remedies. If petitioner's second amended
15 petition fails to satisfy the requirements of this order, this action will be dismissed with
16 prejudice.

17   Petitioner has filed several motions since commencing this action. None of them
18 are based in applicable law and all will be denied.

19   Ironically, petitioner now seeks appointment of counsel in this case. Title 18
20 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of
21 justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Given petitioner's filings in
22 CIV-S-04-2249 MCE KJM P, the court's review of the docket in that case, the claims presented
23 in that case and the claims asserted in this case, petitioner's motion will be denied.
24 /////

---

[1] In a document filed on December 13, 2007, petitioner indicated that he would like to file an action under 42 U.S.C. § 1983. If this is true, petitioner is free to commence another case.

2

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's August 8, 2007 request to proceed in forma pauperis is granted.

2. The court's August 17, 2007 findings and recommendations are vacated.

3. Petitioner's petition for writ of habeas corpus and amended petition for writ of habeas corpus are dismissed without prejudice to petitioner filing a second amended petition within thirty days of this order. Petitioner must comply with the terms of this order in drafting his second amended petition or this action will be dismissed with prejudice.

4. The clerk of the court shall send petitioner the court's form-application for writ of habeas corpus under 28 U.S.C. § 2254.

5. All outstanding motions and requests, including petitioner's request for the appointment of counsel, are denied.

DATED: January 15, 2008.

_____
U.S. MAGISTRATE JUDGE

1
arch1401.114(10.3.07)